# THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

Seattle Division

| | | |
|---|---|---|
| **Damarius Butts**, a deceased individual and Stephanie **Butts** an Individual and Mother of Damarius Butts and Executor of the Estate of Damarius Butts<br>　　　Plaintiffs;<br><br>　　　vs.<br><br>**Seattle Police Department Officers Elizabeth Kennedy # 7725, Hudson Kang # 7759 Officers Joshua Vaaga # 8397; and Chris Myers # 5452** Who Are Named In Their Individual Capacity; **Does 1 Through 15** Who Are Employees Of The Seattle Police Department and are Named In Their Individual Capacity; **The City of Seattle** and the **Seattle Police Department**, which is a division Within the City of Seattle<br><br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:<br><br>**Complaint for Violation Of § 42 U.S.C. 1983 Excess Force; § 42 U.S.C. 1986 Conspiracy and State Torts of Wrongful Death; Loss of Consortium; Outrage**<br><br>JURY TRIAL REQUESTED:<br>Location: Federal Court House Seattle WA<br><br>　　700 Stewart St.<br>　　Seattle WA 98101<br><br>Jury Trial Requested by Plaintiffs |

This is an action for damages sustained by citizens of the United States against: The Seattle Police Department (a division of the City of Seattle) and Seattle Police Department Employees **Elizabeth Kennedy # 7725, Hudson Kang # 7759 Officers Joshua Vaaga # 8397; and Chris Myers # 5452.** Defendants, named officers and Does, were acting under color of authority when they cornered Plaintiff Damarius Butts (herein after DButts) in a locked room and shot him multiple times. The Defendants then used a "flash bang" and sent a police dog into the room to bite and bring the corpus to the door. Shots were fired into DButts back, sides and front. Plaintiff is

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

informed and believes that the shot that hit Defendant Kennedy was fired by a fellow officer who picked up the gun after DButts was on the ground and fired a shot into Kennedy's vest to cover-up the fact that Kennedy shot first and did so when there was no immediate threat of grievous bodily harm or death, and because DButts could not escape from the locked room he was in and could have been held there until negotiators were brought in.   They are sued as persons under 42 U.S.C.  §§ 1983; 1986 as well as for Fees and costs under § 1988. Plaintiffs also seek tort damages under state law for loss of consortium, wrongful death and outrage.

## FEDERAL JURISDICTION AND VENUE

1      This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Amendments and 14th Amendment to the United States Constitution as well as any pendant state claims for which this court has jurisdiction under 28 USC 1367.

2      The jurisdiction of this Court is predicated on 28 U.S.C.  §§ 1331, 1343, 1345, and 1367.

3      The proper venue for this case is the Seattle Division of the United States District Court for the Western District of Washington because all of the acts, omissions, violations, events, and conduct alleged herein occurred in Seattle, Washington.

## PARTIES

4      **Damarius Butts,** at all times relevant to the allegations of this Complaint, was a resident the state of Washington and a citizen of the United States. **Plaintiff Stephanie Butts** is, and at all times relevant to the allegations of this Complaint was, a resident the state of Washington and a citizen of the United States (hereinafter SButts)

5      At all times relevant hereto, defendant **Elizabeth Kennedy # 7725** was a peace officer employed by the City of Seattle (hereinafter CS) and assigned to perform duties in the State of Washington with The Seattle Police Department. (Hereinafter SPD). At all relevant times, she was acting in such capacity as the agent, servant, and employee of the COS. She is

Complaint for Damages

Page 2

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

sued in her individual capacity (hereinafter **"Kennedy"**).

6    At all times relevant hereto, defendant **Hudson Kang # 7759** was a peace officer employed by the City of Seattle (hereinafter CS) and assigned to perform duties in the State of Washington with The Seattle Police Department. At all relevant times, he was acting in such capacity as the agent, servant, and employee of the SPD. He is sued in his individual capacity (hereinafter **"Kang"**).

7    At all times relevant hereto, defendant **Joshua Vaaga # 8397** was a peace officer employed by the City of Seattle (hereinafter CS) and assigned to perform duties in the State of Washington with the SPD. At all relevant times, he was acting in such capacity as the agent, servant, and employee of the SPD. He is sued in his individual capacity (hereinafter **"Vaaga"**).

8    At all times relevant hereto, defendant **Chris Myers # 5452** was a peace officer employed by the CS and assigned to perform duties in the State of Washington with The Seattle Police Department. (Hereinafter SPD). At all relevant times, he was acting in such capacity as the agent, servant, and employee of the CS. He is sued in his individual capacity (hereinafter **"Myers"**).

9    Plaintiffs are unaware of the true identities or capacities SPD officers named as DOES 1 through18. As discovery has not commenced and many of the documents identifying the DOE defendants will only be produced in redacted form or under a protective order these Defendants true names will be substituted in for the DOE defendants when identified and sufficient facts established that tie their actions into the injuries Plaintiffs suffered. On that basis Plaintiffs sue them under fictitious names. Plaintiffs are informed, and believe, and thereon allege that each defendant sued herein fictitiously is responsible in some manner for the events and occurrences referred to herein. Once Plaintiffs discover the true identity and capacities of the DOE Defendants, Plaintiffs will amend their Complaint to identify them by their true names and capacities.

10    Plaintiffs are unaware of the true identities or capacities King County Police and

Complaint for Damages

Page 3

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

or Sheriff's Deputies named as DOES 16 through18. As discovery has not commenced and many of the documents identifying the DOE defendants will only be produced in redacted form or under a protective order, these Defendants true names will be substituted in for the DOE. On that basis Plaintiffs sue them under fictitious names. Plaintiffs are informed, and believe, and thereon allege that each defendant sued herein fictitiously is responsible in some manner for the events and occurrences referred to herein. Once Plaintiffs discover the true identity and capacities of the DOE Defendants, Plaintiffs will amend their Complaint to identify them by their true names and capacities.

11      Plaintiffs Believe that the SPD Chief is the final decision maker with respect to policy and procedures used by the SPD and that the Chief ratified the unconstitutional actions of the Defendants. This ratification is part of a pattern of ratification of unconstitutional actions by officers of the SPD as previously identified and proven in the consent decree between the SPD and the Department of Justice.

12      Plaintiffs are further informed and believe, and thereon allege, that at all times referred to herein, each defendant, including DOES 1 through 18, were the principal, agent, employer, or employee, of each of the other defendants, and were acting within the course and scope of that agency or employment and under color of law at all times relevant hereto. Further, the acts of defendants, and each of them were ordered, approved, adopted, ratified, or acquiesced in by the remaining defendants, and each of them.

**Allegations Common to All Claims**

13      All actions complained of or alleged herein occurred in the State of Washington.

14      Plaintiff's filed this action within the required statute of limitations.

15      A Tort Claim Form was filed within the statutory period as set forth in RCW 4.92 et.seq; Seattle Municipal Code 5.24.005.

16      On or before April 20, 2017, Plaintiff, a male African American, was believed to have been engaged in a shop lifting incident in the CS at a 7-11 on 1st Avenue about 1 p.m. During this incident it is alleged that a silver gun was brandished when the store employee

Complaint for Damages

Page 4

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

confronted DButts. Customers in the store at the time of the incident did not see a weapon and no silver gun was ever recovered that belonged to DButts after the shop lifting incident and the killing of DButts.[1]

17      At or about 1:30 P.M. on the 20th of April 2017, SPD officers, including the currently named defendants, responded to robbery call at the above identified 7-11.

18      Numerous officers responded to the robbery broadcast and then to the shots fired radio call. (see exhibit 1 attached to this complaint identifying the possible Doe defendants).

19      Officers arrived in the area within minutes of the shoplifting/robbery.

20      Daniel Yohannes was the store manager, and witness Amanda J Clark, and witness Jayde T Rosini observed the interaction at the 7-11 located at 627 1 Av. in COS. Yohannes alleged that the male suspect pulled a silver gun from his waistband when he confronted two shoplifters outside the store.

21      The two suspects entered the 7-11 and grabbed multiple items including chips and soda. The male grabbed a 12 pack of Heineken beer and both suspects walked out of the 7-11. Yohannes followed the suspects. Yohannes contacted the male suspect in the alcove of the 7 - 11 and took back the beer. The male suspect did not say anything but just walked away.

22      Yohannes then approached the female suspect to get the remaining items back. The male suspect then allegedly confronted Yohannes who turned to face the male suspect who Yohannes claimed had a silver handgun in his hand next to his hip. The two suspects then walked away going northbound on 1st Avenue, a third suspect was present nearby.

23      Both suspects crossed north over Colombia St. Witnesses Clark and Rosini did not observe the silver handgun.

24      DButts was chased by bicycle officer and tackled.  DButts was able to get away from the officers that he was struggling with after the female suspect hit the officer in the head with a plastic Coke bottle and then punched him in the face.

25      DButts then ran west down Madison towards Western.  SPD officer Bandel

---

[1] A silver gun belonging to a police officer was found near DButts' body.

Complaint for Damages

Page 5

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

chased DButts as he entered a building loading dock, (The building turned out to be a Federal Building.) Officer Kennedy joined officer Bandel in the pursuit and entered the building shortly before Bandel.

26    Both Officers ran up the stairs of the loading dock.

27    There were plastic blinds covering the entrance, so visibility was obstructed. Once through the plastic blinds and looking straight ahead there was a set of double doors that the suspect ran through.



Drawing of loading dock and location of the body marked "S" in orange by Officer Bandel

28    Both officer Kennedy and officer Bandel reached the door at the same time. DButts was inside the doors in what turned out to be a storage room that had no other functioning exit.

29    They knew that DButts had nowhere to go and was trapped in the room.

30    The room had no cover other than a pile of wooden skids near the back wall.

31    The Officers assert that they yelled to the suspect to get on the ground and show his hands.

Complaint for Damages

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

Page 6

32   At no time did the Officers inform DButts that if he did not comply deadly force would be used, nor did they attempt to de-escalate the adrenalin filled encounter as policy provides should be done.

33   Rather than containing DButts in the room, they continued to yell at him.

34   If the officers had made a slight move of their feet or bodies the heavy doors would have automatically closed, sealing DButts in and allow the officers time to de-escalate,

35   Other officers were arriving while Kennedy and Bandel yelled at DButts.

36   Defendant Kang arrived and took a position to Bandel's right.   Officer Prichard arrived and Officer Myers also took up a position to cover DButts and the doors.   At some point DButts started to turn towards the yelling officers. As alleged by some officers, as Plaintiff DButts was turning his right hand appeared, one officer reported that he was "pulling a weapon from his front shirt pocket. It appeared to be getting caught on his clothing as he was allegedly pulling the gun out of his shirt pocket." The suspect is asserted to have "lifted his arm very high in order to free the gun from his clothing."

37   Officers fired during this movement by DButts. No warning that if he did not comply was given that he would be shot.

38   Defendant Kennedy was the first officer to fire at DButts.

39   There were two separate groups of shots fired by multiple officers.

40   A bullet fragment hit officer Kang in the chin and then traversed his body and came to rest in his abdomen.

41   Officer Myers was hit in the thumb and had a small cut on the thumb from the round.

42   Officer Kennedy was allegedly shot in her vest, with the bullet stopped by the vest and no "physical injury" done to the officer.

43   Other officers arrived and Kennedy and Kang were removed from the dock.

44   After the first shots were fired an unknown officer could be heard on a SPD recording asking if he did the right thing by shooting the gun. Another officer answers that he did and that officers would handle it.

Complaint for Damages

Page 7

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

45    Plaintiff is informed and believes that the gun being referred to was the blue .38 caliber revolver that DButts had.

46    A SWAT team arrived and took up positions to contain the already dead DButts. A recon robot supplier by King County Sheriff's Department was then deployed into the area where the suspect was laying in his own blood.

47    The operator of the robot located the suspect lying down in the room behind a small pile of wooded pallets. No movement was seen from the suspect who was lying in a large pool of blood.

48    Eventually a decision was made to deploy a noise -flash diversion device to see if the suspect would react. The device was deployed, and no movement was seen. Thus, further demonstrating the fact that DButts was dead.

49    K9 Officer Briskey and his partner Blitz had moved forward with SWAT.

50    At this point the officers, apparently still unsure of whether DButts was a danger decided to use Blitz to bit DButts.

51    On command Blitz entered the supply room.

52    Blitz was then used to see if the deceased suspect would react to the dog biting him. There was no reaction.

53    Next the officers decided to have the dog further mutilate the body by pulling the suspect from behind the pallets.

54    The dog in fact bit the body several times, pulling of flesh while pulling DButts from the area he had collapsed into, moving him to a point near the door. During this process there was no movement by DButts.

55    Two officers (Rees and Didier) stepped forward and handcuffed the suspect. DButts was then taken into custody.

56    Later on, a revolver was located near the pallets.[2] The located revolver was not silver in color and was not a small gun. It was apparently a Smith & Wesson full sized K frames

---

[2] At this time, the Plaintiffs have not received any police reports that indicate the number of rounds fired by each officer, in addition Plaintiffs have not received the Coroner's final report of any ballistics analysis of the shots fired. No information from the crime lab analysis has been received. Plaintiffs will amend this Complaint, if needed, to add additional information to support the allegations contained herein.

Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

revolver or a similar shaped and sized blue steel revolver. This differed from the revolver seen by the 7-11 employee or from the description given by DButts sister who admitted it was her gun and she handed it to DButts before they entered the 7-11. There has been no explanation as to where this "new" gun came from.

### First Cause Of Action – Count 1 - Violation of 42 USC 1983 – Excess Force

57     Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1 through paragraph 57 and all subsequent paragraphs to this Cause of Action.

58     On the April 20, 2017, plaintiff DButts was running from the police after being part of a shoplift of a 7-11 store in downtown Seattle.  Law enforcement officers located him immediately after the shoplift and gave chase. DButts ran into a room with locked doors and was trapped therein.

59     Officer Kennedy and Officer Kang and Officer Myers chased DButts into the locked room and took up positions at the double door to the room containing DButts. They did not observe any other person in the room and knew or should have known there was no other available egress point in the room.

60     The Defendants did not try to de-escalate the situation or wait until trained negotiators arrived. They forced the situation by continuing to yell commands and pointing guns at DButts.

61     Defendant officers did not wait for SWAT, even though that was the policy.

62     The defendants failed to communicate their status as officers, or that they were going to use deadly force unless Plaintiffs surrendered.

63     DButts did not fire first and may not have even fired.

64     Defendants acted intentionally in firing multiple rounds at a trapped subject and by not giving a warning that they would shoot.

65     Defendants acted with reckless disregard of the Plaintiff's rights. Defendants allowed a police dog to chew and mutilate DButts when DButts had ceased to be any threat.

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

66     The excessive, unwanted, unauthorized and unnecessary use of flash bang devices and of an attack trained police dogs was done for malicious purposes.

67     DButts was shot in the front torso, in the side and the back. The second burst of gunfire was not reasonable as DButts had been rendered passive and was no longer an active threat.

68     Both Plaintiffs were injured as a direct and proximate result of the actions of the defendants in an amount to be proven at trial. The action undertaken by defendants were malicious, oppressive, wicked, and reckless and subjected defendants to exemplary damages as well as special and general damages and fees as allowed by 42 U.S.C. 1988.

### Second Cause Of Action –   Violation of 42 USC 1986 – Conspiracy

69     Plaintiffs incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 69 and all subsequent paragraphs to this Cause of Action.

70     Plaintiff alleges on information and belief that Defendants and supervisory and investigative personnel (DOES 1-10) did agree and did conspire to improperly cover-up the fact that Kennedy did not have to shoot and that her shooting was unreasonable.

71     They engaged in the cover-up by quashing the release of crime laboratory results that should have included nitrate tests of DButts hands, forensic analysis of bullet paths, both from police weapons and from DButts weapon. nitrate tests of Kennedy's vest (which was torn up to remove the bullet and nitrate tests of the other officers' hands to determine if any other officers had fired.

72     To wit, Plaintiffs' allege that an unidentified officer took DButts handgun and fired a round into Kennedy's vest to provide justification for her use of deadly force.

73     No bullet striation analysis was done to identify which bullets fired from each officer's gun hit DButts.

74     Plaintiff is informed and believes that the SPD intentionally kept information about her son's death from her to stifle public disclosure of their improper and unconstitutional acts.  The repression of information was done to keep the Courts from looking into the case or the actions of the SPD which violated the SPD / Justice Department agreement.

Thomas S Olmstead, WSBN 8170      M. Jeffery Kallis WSBN 27855

Complaint for Damages           Law Office of Olmstead & Somers, LLC    A Law Firm Protecting Civil Rights P.C.
                                P.O. Box 68                              321 High School Rd D3
                                Poulsbo, WA 98370                        Bainbridge Island, WA 98110
                                (360)779-8980                            888-441 1529 or 206 317 6287
Page 10                         lawoffice@tomolmstead.com                jeff.kallis@protecting-civil-rights.com

75     Both Plaintiffs were injured as a direct and proximate result of the actions of the defendants in an amount to be proven at trial. The action undertaken by defendants were malicious, oppressive, wicked, and reckless and subject defendants to exemplary damages as well as special and general damages and fees as allowed by 42 U.S.C. 1988

### Third Cause of Action – Wrongful Death

76     Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through paragraph 76 and all subsequent paragraphs to this Cause of Action.

77     Defendants are subject to RCWA § 4.20.010, Washington's survival statute in the death of DButts occurred in Washington State and the parties are residents of Washington State and Washington State is the jurisdiction with the greatest involvement with the parties.

78     Defendants are subject to RCWA § 4.20.020, § 4.24.010; § 4.24.010; § 4.20.005; and RWCA § 4.20.010.

79     SButts is the personal representative of DButts estate and under RCWA § 4.20.046 has standing to assert personal injury claims.

80     SButts, the personal representative of DButts, is entitled by statute to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a DButts.

81     DButts was shot and before his death suffered great pain, anxiety and emotional distress.

82     The Defendants inflicting the pain and suffering did so in violation of SPD rules, policies and procedures in that they did not issue a warning, did not try to de-escalate the situation, used more force than needed or that was reasonable.

83     The Defendants allowed DButts to suffer after he had been shot by not checking on his injuries and by having a police dog chew on him and bite him and drag him across a room while pulling on his extremities.

84     DButts provided financial and emotional services to his brothers and sisters and they are entitled to compensation for the loss of said support, both financial and emotional.

Complaint for Damages

Page 11

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

85     Plaintiffs DButts was injured as a direct and proximate result of the actions of the defendants in an amount to be proven at trial. The action undertaken by defendants were malicious, oppressive, wicked, and reckless and subject defendants to exemplary damages as well as special and general damages and fees as allowed by statute.

## **Fourth Cause of Action – Outrage**

86     Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through paragraph 86.

87     DButts suffered from the effects of extreme and outrageous conduct in that the defendants did shoot him, place explosives near him and have a dog bite and chew upon him. Said actions were in violation of SPD policies, procedures and rules and in violation of the Constitution of the United States, Amendment 4.

88     Defendants' actions were intentional and/or showed reckless indifference to the rights of DButts or the pain and injury they inflicted on DButts.

89     The failure to fully investigate the shooting of DButts, and the falsification of reports and testimony were outrageous and caused SButts great emotional pain and suffering.

90     SButts alleges, on information and belief, the following acts or omissions on the part of the Defendants: Failure to fully investigate the shooting so as to protect both the officers who shot and the SPD; Defendants submitted false reports or the intentionally omitted facts and information in the police report submitted so as to justify the shooting. The shooting was reckless and showed indifference as DButts was contained and surrounded and it appears that he may not have fired his weapon at any time.

91     Plaintiffs DButts was injured as a direct and proximate result of the actions of the defendants in an amount to be proven at trial. The action undertaken by defendants were malicious, oppressive, wicked, and reckless and subject defendants to exemplary damages as well as special and general damages and fees as allowed by statute.

WHEREFORE, Plaintiff's demand judgment from the defendants for:

1.     General damages according to proof.

Complaint for Damages

Page 12

Thomas S. Olmstead, WSBN 8270
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

2.      Special damages for medical expenses according to proof;

3.      Exemplary damages according to proof;

4.      Attorney fees as allowed by statute;

5.      Injunctive relief as set forth here;

5a      At any shooting that occurs within the limits of the city of Seattle, the SPD will do a full ballistic analysis of every shot fired and will compare each recovered bullet or bullet fragment to the weapons that were at the location of the shooting irrespective of the officers, or suspects, assertions as to whether they fired. Bullet striation and case machine marking will be maintained in a filing system that allows for rapid identification of any bullets or cases recovered in the future. Recovered bullets, and bullet fragments, and case marking information, will be cross referenced to the owner or shooter of the weapon.

5b      Officers will be required to use department created diagrams to show their locations and movements. The diagrams will be created by the Evidence Laboratory technicians using current technology accident measurement laser tools. The diagrams will be made before or as the evidence technicians collect evidence and printed out for use within 60 minutes of the measurements being taken.

5c.     Every shooting will be reviewed by a panel of civilian attorneys consisting of a retired prosecutor, a criminal defense attorney, a retired municipality insurance defense attorney other than one who worked for a firm that has represented a Seattle insurer and a plaintiff's civil rights attorney.

5d.     The results of all shooting investigations and any video tapes or audio tapes plus the investigation report will be published via a local newspaper and a local TV or Radio station randomly chosen from a list of all papers of general circulation and licensed radio and TV stations in the Seattle area. Seattle area is defined as within 60 miles of the Space Needle. Reports shall be redacted to protect witnesses, health information and communications frequencies and undercover officer's identification information.

5e.     Each year a synopsis of all shootings will be provided to all news outlets that request a copy. The synopsis will include the location of the shooting; the names and occupations of all shooters and victims; the number of shots fired by the individual shooters and whether the shooter struck a human with any of their shots;  the nature of the injuries suffered by each individual involved in the shooting incident as a result of the shooting; the age, race, sex, and education of each shooter; the findings of the civilian shooting review board; the findings of the SPD review board and the findings of the Prosecutors Review.

Thomas S. Olmstead, WSBN 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
(360)779-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis WSBN 27855
A Law Firm Protecting Civil Rights P.C.
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
jeff.kallis@protecting-civil-rights.com

6.      Costs of Suit; and

7.      Such other damages and relief as this court may deem just and proper.


Dated: March 20, 2020

                                        Law Office of Olmstead and Somers, LLC


                                        /S/Thomas S. Olmstead
                                        Thomas S. Olmstead, WSBA#8170
                                        Attorney for Plaintiffs
                                        P.O. Box 68
                                        Poulsbo, WA 98370
                                        lawoffice@tomolmstead.com
                                        (360)779-8980 phone
                                        (360)779-8983 facsimile

Dated: March 20, 2020


                                        The Law Firm of Kallis & Associates P.C.


                                        /S/ Jeff Kallis
                                        M. Jeffery Kallis, WSBA#27855
                                        Attorney for Plaintiffs
                                        321 High School Road D3
                                        Bainbridge Island, WA 98110
                                        jeff.kallis@protecting-civil-rights.com
                                        (206)317-6287

Thomas S. Olmstead, WSBN 8170        M. Jeffery Kallis WSBN 27855
Law Office of Olmstead & Somers, LLC  A Law Firm Protecting Civil Rights P.C.
P.O. Box 68                          321 High School Rd D3
Poulsbo, WA 98370                    Bainbridge Island, WA 98110
(360)779-8980                        888-441 1529 or 206 317 6287
lawoffice@tomolmstead.com            jeff.kallis@protecting-civil-rights.com