The Honorable Mary Alice Theiler[1]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Stephanie Butts an Individual and Mother of Damarius Butts,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Seattle Police Department Officers Elizabeth Kennedy #7725, Hudson Kang #7759 Officers Joshua Vaaga #8397; and Chris Myers #5452 Who Are Named In Their Individual Capacity; Does 1 Through 15 Who Are Employees Of The Seattle Police Department and Are Named In Their Individual Capacity; The City of Seattle and the Seattle Police Department, which is a division Within the City of Seattle,<br><br>　　　　　　　　Defendants. | No.　2:20-CV-00576-MAT<br><br>DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)<br><br>NOTE ON MOTION CALENDAR:<br>July 9, 2021 |

---

[1] As of June 22, 2021, the case docket shows that The Honorable Mary Alice Theiler continues to be assigned to this case. However, the U.S. District Court for the Western District of Washington announced that Judge Theiler would be retiring on April 30, 2021, and also announced that she will be succeeded by The Honorable S. Kate Vaughan. https://www.wawd.uscourts.gov/news/new-magistrate-judge-selected-1

DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 1

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(a), Officer Elizabeth Kennedy, Officer Hudson Kang, Officer Joshua Vaaga, Officer Chris Myers, and the City of Seattle (collectively, "Defendants") move for an order compelling Ms. Butts to produce responses to Defendants' written discovery requests and to make herself available for a deposition.

## II. Background

### A. Complaint

The complaint asserts two federal constitutional claims. First, it alleges that the officer defendants used excessive force against Damarius Butts, resulting in his death, in violation of the Fourth Amendment and 42. U.S.C. § 1983. Compl. Count 1, ¶¶ 57-68. Second, it asserts that officers engaged in a civil rights conspiracy to cover up the cause of Mr. Butts' death, in violation of the Fourteenth Amendment and 42 U.S.C. § 1986. *Id.* Count 2, ¶¶ 69-75. In addition, it raises state-law tort claims of wrongful death and outrage. *Id.* Counts 3 & 4, ¶¶ 76-91.

Defendants assert that the City and the officer defendants acted lawfully and properly. At around 1 p.m. on the day in question, officers were dispatched in response to an armed robbery committed by Damarius Butts, his sister, and a third person. Compl. ¶¶ 17-22, Ans. ¶¶ 16-22. Mr. Butts and his companions stole several items from a 7-11 in downtown Seattle. Ans. ¶ 21. When the store manager confronted him, Mr. Butts brandished a gun. Compl. ¶ 22, Ans. ¶ 16. An officer attempted to apprehend Mr. Butts, but Mr. Butts' sister assaulted the officer, allowing Mr. Butts to flee on foot. Compl. ¶¶ 24-25, Ans. ¶¶ 24-25. With officers pursuing him, Mr. Butts ran through a loading dock in the old federal building and entered an interior room. Compl. ¶ 25, Ans. ¶¶ 25, 27, 29. Mr. Butts pulled his gun out of his clothing and shot at the officers, shooting and injuring three of them. Ans. ¶¶ 40-42. The officers had no choice but to return fire. Ans. ¶¶ 37, 39. Tragically, these events resulted in Mr. Butts' death.

DEFENDANTS' MOTION FOR AN ORDER COMPELLING
DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 2

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

*B. Case Status*

Trial in this matter is set for February 15, 2022, and discovery closes on October 18, 2021. Dkt. 12.

Defendants have worked diligently to fully comply with their discovery obligations in this matter. Defendants provided timely responses to Plaintiff's sixty-one requests for admission (RFAs), thirteen interrogatories, and seventeen requests for production (RFPs). *See* Ex. A to Declaration of Kerala T. Cowart ("Cowart Decl."); Fed. R. Civ. P. 26(d)(2)(B) (discovery served before Rule 26(f) conference deemed served date of conference). Defendants produced over 400 gigabytes of data and provided the bates ranges responsive to each RFP. Cowart Decl. Ex. A & ¶ 1. In keeping with their continuing obligations, Defendants have made two supplemental productions. Cowart Decl. Exs. B & C.

In contrast, neither Ms. Butts nor her former counsel have provided a single document or written discovery response. Defendants served requests for production, interrogatories, and requests for admission on Ms. Butts' former attorneys on January 4, 2021, *see* Cowart Decl. Exs. D & E, and her responses are now over four months late. Cowart Decl. Exs. D & E, ¶ 6. Ms. Butts has not raised objections to any of the discovery requests, requested an extension of time, provided a date by when she will respond, offered any explanation for her delay, aside from saying that she is busy and it is difficult for her to understand the case. *Id.*¶¶ 6-14. Defendants' extensive efforts to contact Ms. Butts and to accommodate her pro se status are described below.

No depositions have been taken by either party. Ms. Butts has not responded to Defendants' request to schedule her deposition. In addition, Defendants need Ms. Butts' discovery responses to inform their plan for who to depose.

DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 3

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

C. *Withdrawal of Opposing Counsel and Order Requiring Ms. Butts to Provide a Discovery Plan*

As noted above, Ms. Butts' former attorneys moved to withdraw from the case on January 9, 2021. Dkt. 13. They explained:

> "Counsel were retained for a limited purpose and that purpose was to file a complaint and after initial discovery, assess the merits of the case so that the Plaintiffs and their counsel could make informed decisions concerning the litigation. … Both Counsel have met in person with the Plaintiffs and discussed the evidence and the merits of the case and evidentiary issues ….their withdrawal is due to professional considerations, in part because they did not believe that the advice they provide would materially aid Plaintiffs….

Dkt. 13 at 2.

On February 26, 2021, the Court granted the motion to withdraw and ordered Ms. Butts, by March 29, 2021, to provide Defendants "a discovery plan indicating a specific date by which she will provide responses, in her personal capacity, to defendants' outstanding discovery requests." Dkt. 17 at 2-3. The Court advised Ms. Butts that she "is expected to be familiar with and to comply with the court rules that govern the procedures for a civil lawsuit in federal court." *Id.*

D. *Ms. Butts' Repeated Failures to Provide Discovery, Comply with the Court's February 26, 2021 Order, or Respond to Defendants' Communications*

Ms. Butts has not complied with the Court's February 26, 2021 Order requiring her to provide a discovery plan. Cowart Decl. ¶ 6. As stated above, she has not produced a single record, interrogatory response, or admission in response to Defendants' written discovery requests. *Id.* It has now been more than two months since the deadline in the Court's order, and Ms. Butts' discovery responses are more than four months late.

Over a period of months, Defendants communicated by email, FedEx, and voicemail and did not receive any response from Ms. Butts until last week. *Id.*¶¶ 7-12. Since Ms. Butts failed to meet the March 29 deadline to provide a discovery plan, Defendants on March 31, 2021, and May 4, 2021, and May 7, 2021, sent emails and letters to Ms. Butts summarizing the substance of the Court's February 26,

DEFENDANTS' MOTION FOR AN ORDER COMPELLING
DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 4

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

2021 Order and reminding Ms. Butts of her overdue discovery obligations. Cowart Decl, Exs. F & H, ¶¶ 7-10. In recognition of Ms. Butts' pro se status, Defendants provided reminders for Ms. Butts about the requirements in the Court's February 26, 2021, Order and also provided resources for pro se litigants and printouts of legal precedent describing Ms. Butt's discovery obligations. Cowart Decl. Exs. F & H, ¶¶ 7-10. Defendants explained that a failure to follow the Court's orders or comply with discovery obligations could lead to sanctions including the possible dismissal of her case. Cowart Decl, Exs. F at 1, H at 1, ¶¶ 7-10. Defendants advised Ms. Butts that they would eventually file a motion to dismiss if Ms. Butts continued to fail to respond. Cowart Decl. Exs. F at 1, H at 1, ¶¶ 7-10. Defendants sent these communications by both email and FedEx. Cowart Decl, Exs. F, G, H, & I, ¶¶ 7-10.

Defendants' emailed Ms. Butts on May 26, 2021, to ask if she could provide times when she would be available for a deposition and provided a set of "frequently asked questions" for pro se litigations explaining what a deposition is. Cowart Decl. ¶ 11 & Ex. J. Defendants received no response. *Id.* ¶ 11.

Finally, after receiving no response to these emails and letters, Defendants' notified Ms. Butts of their intention to file a motion to compel and asked to meet and confer. Cowart Decl. ¶¶ 12-14. On June 8, 2021, counsel left a voicemail for Ms. Butts explaining that they would like to meet and confer and asking her to call back. Cowart Decl. ¶ 12. They received no response. *Id.* On June 11, 2021, Ms. Butts answered the phone when Defendants' counsel called, and they were able to meet and confer about this motion. Cowart Decl. ¶ 13, Ex. K. Ms. Butts confirmed that she is receiving Defendants' emails and letters; she said that she was not able to provide an estimated date for her discovery responses, and she explained that her discovery responses were late because she is busy. Cowart Decl. ¶ 13, Ex. K.

Overall, Defendants contacted Ms. Butts about discovery in this lawsuit on March 31, May 4, May 7, May 26, June 8, and June 11. In response, Ms. Butts answered a single phone call on June 11, 2021.

DEFENDANTS' MOTION FOR AN ORDER COMPELLING
DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 5

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Most recently, Ms. Butts initiated a phone call on June 16, 2021. *Id.* ¶ 14. However, when Defendants' counsel spoke with Ms. Butts by phone, a third party participating in the call advised Ms. Butts not to talk with Defendants' counsel until Ms. Butts could find a lawyer. *Id.*

E. *Court's Order Dismissing Claims of the Estate of Demarius Butts*

This action initially involved two plaintiffs: (1) the Estate of Damarius Butts, through Stephanie Butts as its Executor, and (2) Stephanie Butts, in her individual capacity as the mother of Demarius Butts. Dkt. 1. After Plaintiffs' counsel successfully moved to withdraw, and Ms. Butts did not obtain new counsel by the Court-ordered deadline of March 29, 2021, this Court dismissed the claims of the Estate without prejudice. Dkts. 13, 17, 18. A pro se litigant cannot represent an Estate. *Joubert v. Brown William Tobacco*, No. C10-887-RSM, 2010 WL 11527327, at *2 (W.D. Wash. July 14, 2010), *aff'd sub nom. Joubert v. Brown Williamson Tobacco*, 466 F. App'x 588 (9th Cir. 2012).

Under the terms of the Court's order, the 1983 excessive force claim is no longer part of this case. That is a constitutional claim personal to Demarius Butts, and only his estate can raise it.[2] *See Alderman v. United States*, 394 U.S. 165, 174 (1969); *Ostling v. City of Bainbridge Island*, 872 F. Supp. 2d 1117, 1124-25 (W.D. Wash. 2012). Ms. Butts proceeds pro se only on her remaining, individual claims. Dkt. 18.

---

[2] Defendants construe the section 1986 claim as being raised by Ms. Butts in her individual capacity, not by the Estate, because all of the alleged facts occurred after the death of Demarius Butts. *See Guyton v. Phillips*, 606 F.2d 248, 251 (9th Cir. 1979) ("We find that the Civil Rights Act, 42 U.S.C. ss 1983 and 1985, does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased's civil rights which occurred after his death."). However, to the extent that the Complaint does purport to raise a claim by the Estate under 42 U.S.C. § 1986, then the Court's order dismissed that claim as well. Dkt. 18.

DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 6

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

### III. CERTIFICATION OF CONFERENCE UNDER FED. R. CIV. P. 37(a)(1)

Before a party may bring a motion for an order compelling discovery, that party must in good faith confer or attempt to confer in an effort to obtain discovery without court action. Fed. R. Civ. P. 37(a)(1). Such a good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Civil Rule 37(a)(1)(A). "If [a] court finds that the counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may sanction the party." *Rivera v. Gates*, No. C09-5355 RJB, 2010 WL 519819, at *1 (W.D. Wash. Feb. 8, 2010).

Defendants conferred with Ms. Butts by phone on June 8, 2021, about this motion. Cowart Decl. ¶ 13. The conference is described in more detail above.

### IV. ARGUMENT

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("[D]efendants were required to carry a heavy burden of showing why discovery was denied."); *W. Towboat Co. v. Vigor Marine, LLC*, No. C20-0416-RSM, 2021 WL 1923160, at *1 (W.D. Wash. May 13, 2021) (same).

Ms. Butts' discovery responses were due on February 3, 2021, more than four months ago. Ms. Butts has made no attempt to meet her burden to explain why Defendants are not entitled to responses. The discovery requests are directly relevant to the allegations in the Complaint. Ms. Butts has not raised any objections to the requests, nor has she provide good cause for her delay.

On January 9, 2021, five days after Defendants had served discovery requests, Ms. Butts former counsel moved to withdraw. When granting counsels' request to withdraw, this Court directed Ms. Butts

DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 7

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

to provide Defendants with a plan by March 29, 2021, describing how she was going to comply with her discovery obligations. Ms. Butts did not comply with the Court's order.

Since March 29, 2021, Defendants have been attempting to communicate with Ms. Butts about the discovery. Defendants have made every effort to accommodate the fact that Ms. Butts is proceeding pro se, by sending her letters reminding her about the Court's order, Cowart Decl. Ex. F & H, ¶¶ 7-10, pointing her to resources designed to assist pro se litigants, *id.*, and giving her copies of case law outlining her discovery obligations and possible consequences of failing to participate in discovery, Cowart Decl. Ex. H & ¶¶ 9-10.

"Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Ms. Butts has failed to follow the rules by not meeting her discovery obligations and by violating the Court's order regarding a discovery plan. Cowart Decl. ¶ 6. In addition, she has made it difficult for defendants to move forward with the case by declining to respond to emails, letters, and voicemail. *Id.* ¶¶ 7-12. Most recently, on June 16, 2021, when Defendants' counsel spoke with Ms. Butts by phone, a third party participating in the call advised Ms. Butts not to talk with Defendants' counsel until Ms. Butts could find a lawyer. *Id.* ¶ 14.

The discovery cutoff date is October 18, 2021. In order to determine a strategy for taking depositions, the Defendants must receive discovery responses well before that deadline. Accordingly, Defendants request that the Court deem all objections waived and order Ms. Butts to respond to Defendants' requests for admission and interrogatories within 15 days and to respond to Defendants' requests for production within 30 days. *See, e.g.*, *Strojnik v. Evans Hotels*, No. 3-19-CV-00650, 2020 WL 2767361, at *6-7 (S.D. Cal. May 28, 2020) (ordering pro se plaintiff to respond to RFAs and interrogatories within ten days and RFPs within twenty days and holding that plaintiff waived all

DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 8

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

objections to discovery requests by failing to respond). Defendants also ask the Court to direct Ms. Butts to provide days and times when she can be available for a deposition and advise her that she must attend her deposition once it has been scheduled at a mutually convenient time.

Finally, Defendants request that the Court advise Ms. Butts of the possible consequences of continuing to fail to respond to discovery requests. At a later date, dismissal of Ms. Butts complaint may be warranted as a sanction. In the event that the Court grants the instant motion and orders Ms. Butts to respond to discovery by a date certain, then—if Ms. Butts still does not comply—Defendants will move to dismiss the case in its entirety as a sanction under Rule 37. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth five factors that courts must consider before dismissing a case under Rule 37); *Rainbow Pioneer No. 44–18–04A v. Hawaii-Nevada Investment*, 711 F.2d 902 (9th Cir. 1983) (upholding default judgment as discovery sanction where magistrate judge had provided advance warning).

## V.   CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court grant its motion to compel discovery.

DATED this 22nd day of June, 2021.

PETER S. HOLMES
Seattle City Attorney

*s/ Kerala Cowart*
Kerala Cowart, WSBA# 53649
Assistant City Attorney
E-Mail:  Kerala.Cowart@seattle.gov

Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104

DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 9

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

1  Phone: (206) 733-9001

2  *Attorneys for Defendants City of Seattle, Officers Elizabeth Kennedy, Hudson Kang*
3  *Joshua Vaaga; and Chris Myers*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a) (2:20-CV-00576-MAT) – Page 10

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200