The Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Stephanie Butts an Individual and Mother of
Damarius Butts,

                            Plaintiff,

              vs.

Seattle Police Department Officers Elizabeth
Kennedy #7725, Hudson Kang #7759 Officers
Joshua Vaaga #8397; and Chris Myers #5452
Who Are Named In Their Individual Capacity;
Does 1 Through 15 Who Are Employees Of
The Seattle Police Department and Are Named
In Their Individual Capacity; The City of
Seattle and the Seattle Police Department,
which is a division Within the City of Seattle,

                            Defendants.

No.      2:20-CV-00576-MAT

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 37

NOTE ON MOTION CALENDAR:
October 1, 2021

## I.    INTRODUCTION

This case involves federal civil rights claims and state tort law claims arising out of the death

of Plaintiff's son, Damarius Butts. Plaintiff, Stephanie Butts, has for the past seven months failed to

respond to discovery requests and to the Court's orders regarding discovery. The factors set forth by

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 1

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

1   the Ninth Circuit in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), weigh in favor of

2   dismissal. Accordingly, pursuant to Federal Rule of Civil Procedure 37, Officer Elizabeth Kennedy,

3   Officer Hudson Kang, Officer Joshua Vaaga, Officer Chris Myers, and the City of Seattle (collectively,

4   "Defendants") move to dismiss this case.

5
6
**II.    Since her former attorneys withdrew on February 26, 2021, Ms. Butts has repeatedly failed to comply with the Court's Orders, provide discovery, respond to Defendants' communications, or take any action to advance her case.**

7        The claims and procedural background of this case are described in more detail in the

8   Defendants' Motion to Compel. Dkt. 19. Defendants here provide a brief summary of the facts relevant

9   to this motion.

10        Defendants served requests for production, interrogatories, and requests for admission on Ms.

11   Butts' former attorneys on January 4, 2021. Dkt. 20, ¶¶ 4-5. Shortly after Defendants served discovery,

12   Ms. Butts' former attorneys moved to withdraw from the case on January 9, 2021. Dkt. 13. Defendants

13   did not object to the motion to withdraw, but they asked the Court to address the matter of their pending

14   discovery requests. Dkt. 14.

15        On February 26, 2021, the Court granted Ms. Butts' former attorneys' motion to withdraw and

16   ordered Ms. Butts, by March 29, 2021, to provide Defendants "a discovery plan indicating a specific

17   date by which she will provide responses, in her personal capacity, to defendants' outstanding

18   discovery requests." Dkt. 17 at 2-3. The Court advised Ms. Butts that she "is expected to be familiar

19   with and to comply with the court rules that govern the procedures for a civil lawsuit in federal court."

20   *Id.*

21        Ms. Butts never complied with the Court's February 26, 2021 Order requiring her to provide a

22   discovery plan. Dkt. 20 ¶ 6.  Moreover, she has not raised objections to any of the discovery requests,

23   requested an extension of time, provided a date by when she will respond, or offered any explanation

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 2

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

for her delay—aside from saying that she is busy and it is difficult for her to understand the case. *Id.* ¶¶ 6, 13. Ms. Butts has not provided Defendants with an estimated date by when she will be able to provide discovery. *Id.* ¶ 13.

Not only has Ms. Butts declined to comply with the Court's orders, but she also has declined to communicate with attorneys for the Defendants. Since March 31, 2021, after Ms. Butts missed the deadline to provide a discovery plan, Defendants have been attempting to communicate with her about discovery. Dkt. 20 ¶¶ 7-14; Declaration of Kerala Cowart In Support of Defendants' Motion to Dismiss ("Cowart Decl.") ¶¶ 3-4. Defendants have made great efforts to accommodate the fact that Ms. Butts is proceeding pro se. They sent her letters reminding her about the Court's order, pointed her to resources designed to assist pro se litigants, and provided her copies of case law outlining her discovery obligations and the possible consequences of failing to participate in discovery. Dkt. 20 ¶¶ 7-11. Defendants' efforts are described in more detail in its Motion to Compel. Dkt. 19 at 4-5.

Overall, Defendants contacted Ms. Butts about discovery and her failure to comply with the Court's Orders in this lawsuit on March 31 (email and FedEx), May 4 (email), May 7 (FedEx), May 26 (email), June 8 (voicemail), June 11 (phone call), August 13 (voicemail), August 16 (voicemail), and August 19 (email and FedEx). Dkt. 20-1 ¶¶ 7-13; Cowart Decl. ¶¶ 3-4. Defendants have received no response to any of their letters or emails and were only able to reach Ms. Butts twice by phone in June. The first time, on June 11, Ms. Butts confirmed receiving Defendants' written communications, but said only that she could not respond to discovery because she was busy; she said she was unable to provide an estimate for when she would be able to respond. *Id.* ¶ 13. The second time Defendants' counsel spoke with Ms. Butts by phone, on June 16, she initiated the call, but no substantive discussion could take place because a third party participating in the call advised Ms. Butts not to talk with Defendants' counsel until Ms. Butts could find a lawyer. *Id.* ¶ 14. Ms. Butts has made it impossible for

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 3

1   defendants to seek a resolution of this case on the merits by declining to respond to emails, letters, or
2   voicemails. *Id.* ¶¶ 7-12; Cowart Decl. ¶¶ 3-4.

3          In addition to her failure to provide written or document discovery, Ms. Butts also has not
4   cooperated with regard to scheduling her deposition. Defendants emailed Ms. Butts on May 26, 2021, to
5   ask if she could provide times when she would be available for a deposition and provided a set of
6   "frequently asked questions" for pro se litigations explaining what a deposition is. Dkt. 20 ¶ 11. Defendants
7   received no response. *Id.*

8          Unable to obtain discovery from Ms. Butts, in spite of counsel's diligent efforts, Defendants
9   filed a Motion to Compel Discovery on June 22, 2021, which the Court granted on July 12, 2021. Dkts.
10  19 & 23. In the Order granting Defendants' motion, the Court directed Ms. Butts to do the following:

11  • Respond to Defendants' requests for admission and interrogatories by July 27, 2021.

12  • Provide days and times when she could be available for a deposition by July 27, 2021.

13  • Respond to Defendants' requests for production by August 11, 2021.

14  Dkt. 23 at 2. The Court's July 12, 2021, Order clearly warned Ms. Butts that failure to comply could
15  result in the dismissal of the complaint. *Id.*

16         Just as she failed to comply with the Court's February 26th Order, so too has Ms. Butts failed
17  to comply with each and every requirement of the Court's July 12th Order. Cowart Decl. ¶ 2.
18  Defendants still have not received a single document or written discovery response from Ms. Butts nor
19  has she provided dates when she is available for a deposition. *Id.* Moreover, Ms. Butts has continued
20  to fail to respond to Defendants' communications. Defendants called and left voicemails on August 13
21  and August 18 asking to discuss discovery and this motion, but Ms. Butts did not respond. *Id.* ¶ 3.
22  Defendants sent a letter by both email and FedEx on August 19 and August 20, 2021 regarding the
23  same subject matter, but Ms. Butts did not respond to those communications either. *Id.* ¶ 4.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 4

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

As a result of Ms. Butts' non-participation in her case, it is unclear how this Court's case schedule can be maintained. Trial in this matter is set for February 15, 2022, and discovery closes on October 18, 2021.[1] Dkt. 12. But Plaintiff has yet to provide any discovery. She has not provided a single document or written discovery response, sought extensions, raised objections, or given estimated dates of completion. She has repeatedly declined to communicate with Defendants' counsel by phone, email, or mail. No depositions have been taken, in part, because Ms. Butts has not responded to Defendants' request to schedule her deposition, and in part because Defendants need Ms. Butts' written discovery responses to identify who to depose. In contrast, Defendants have worked diligently to fully comply with their discovery obligations in this matter. Defendants provided timely responses to Plaintiff's sixty-one requests for admission, thirteen interrogatories, and seventeen requests for production. Dkt. 20 ¶¶ 2-5. Defendants produced over 400 gigabytes of data, a detailed production log with bates ranges, and made two supplemental productions as they continued to carry out rigorous efforts to identify responsive materials. *Id.* ¶ 3.

## III.    CERTIFICATION OF ATTEMPT TO CONFERENCE

Defendants' counsel attempted to meet and confer regarding this motion to dismiss. A good faith effort to meet and confer "requires a face-to-face meeting or a telephone conference." Local Civil Rule 37(a)(1)(A). "If [a] court finds that the counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may sanction the party." *Rivera v. Gates*, No. C09-5355 RJB, 2010 WL 519819, at *1 (W.D. Wash. Feb. 8, 2010).

---

[1] Adhering to the Court's schedule where possible, Defendants timely disclosed their testifying expert on August 19, 2021. Cowart Decl. ¶ 5 & Exhibit C.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 5

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

Defendants called Ms. Butts and left voicemails on August 13 and August 16 asking to meet and confer about this motion. Cowart Decl. ¶ 3. She did not respond. In addition, Defendants sent Ms. Butts a letter by both email and mail on August 19, 2021 notifying her of their intention to file this motion and asking her to contact them to meet and confer. *Id.* ¶ 4 & Exs. A-B. She did not respond to those communications either. *Id.*¶ 4. Twenty-six days after counsel's first phone call requesting to meet and confer, counsel determined that Ms. Butts had "fail[ed] to respond on a timely basis to a request to confer" and proceeded to file this motion. *See Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861RSM, 2012 WL 1192915, at *1 (W.D. Wash. Apr. 6, 2012) (response after 17 days constituted failure to timely meet and confer).

### IV.     Legal Standard

Federal Rule of Civil Procedure 37 provides that:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. [Sanctions] may include the following: . . . dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 37(d)(3) (permitting identical sanctions for failure to respond to interrogatories or requests for production).

The Ninth Circuit requires the court to consider five factors in determining whether to dismiss a case under Rule 37: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v. Fernandez-Pol*, 542

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 6

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v. Far W. Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959)).

The Ninth Circuit has held that "dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Malone*, 833 F.2d at 130 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). This is especially true for pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Because dismissal is such a severe sanction, a court must also find that the plaintiff's non-compliance is "due to willfulness, bad faith or fault." *Ct. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

## V.    ARGUMENT

Consideration of the five factors set forth by the Ninth Circuit demonstrates that the sanction of dismissal is warranted here. The first two factors, the "public's interest in expeditious resolution of litigation" and the "court's need to manage its docket," are served by dismissing this case with prejudice. *See Malone*, 833 F.2d at 130.

Plaintiffs have repeatedly failed to meet their discovery obligations under the federal and local rules, and they have not followed this Court's orders despite being warned. Ms. Butts has not responded to Defendants' interrogatories, requests for admission, or requests for production for seven months. She effectively has not participated in the case since her former attorneys withdrew their appearances on February 26, 2021. At no time has Ms. Butts raised objections to any of the pending discovery requests, requested an extension of time, provided an estimated date by when she will respond, or offered any explanation for her delay, aside from saying that she is busy and it is difficult for her to

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 7

understand the case. Nor has Ms. Butts attempted to justify her failures to comply with the Court's orders.

Because Ms. Butts has failed to participate in discovery, the Court likely will need to continue the trial date, issue a new scheduling order, and potentially address additional motions. This would cause the Court to dedicate further time to this matter that it could devote to other cases being actively litigated by both parties, impeding the Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Based on the current record, there is no reason to believe, if this case were allowed to proceed, that Plaintiff would be any more cooperative or follow future orders from the Court. Accordingly, dismissal will serve the public's interest in expeditious resolution of litigation and allow this Court to manage its docket without undue difficulty.

The third factor, the risk of prejudice to the Defendants, also weighs in favor of dismissal. There is a strong risk of prejudice to Defendants as the deadlines of the case draw nearer and discovery cannot be completed. Indeed, Plaintiff's actions have already forced Defendant to file a motion in a futile effort to compel her to follow discovery rules. Without discovery, Defendants are unable to mount their defenses because they are left with no information about the Plaintiff's claims or injuries outside the allegations of the complaint. In addition, failure to produce information without a good reason increases the risk of prejudice from unavailability of witnesses and loss of records. *See Pagtalunan*, 291 F.3d at 642-43 (recognizing that unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale). The Ninth Circuit has "indicated that the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting." *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). Ms. Butts has not provided any reason here for failing to respond to Defendants' discovery requests.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 8

The fourth factor is the public policy favoring disposition of cases on their merits. Under these circumstances this factor weighs neither for nor against dismissal. Plaintiff's complete lack of participation in discovery and her nearly complete refusal to respond to Defendants' counsel's attempts to communicate with her by phone, email, and mail suggest that this case will not be able to reach a disposition on the merits. Plaintiff's own failure to participate in the case or to provide discovery have prevented the resolution of her case on the merits. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) ("[I]t impossible for [this] court to be confident that the parties will ever have access to the true facts."); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) ("[W]here the plaintiffs themselves prevent their cases from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor.").

Under the fifth factor, the Court must consider the availability of less drastic sanctions. This factor weighs in favor of dismissal. This Court has both considered and implemented several alternatives but to no avail. *See Malone*, 833 F.2d at 132 (no need to discuss alternatives where trial court has implemented alternatives prior to dismissal). The Court granted Ms. Butts relief from the discovery deadlines in light of her former counsels' withdrawals and ordered Ms. Butts to provide a discovery plan to Defendants. Dkt. 17. Subsequently, the Court granted the defendants' Motion to Compel and established another revised discovery schedule for Ms. Butts. Dkt. 23; *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (establishing schedule for discovery is an alternative intermediate step under Rule 37). In addition, the Court's July 12th Order contained a clear warning that Ms. Butts' failure to respond to discovery would result in dismissal of her case. Dkt. 23; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that failure to obey the courts order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 9

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

requirement.") (citation and internal quotation marks omitted); *Rainbow Pioneer No. 44–18–04A v. Hawaii-Nevada Investment*, 711 F.2d 902 (9th Cir. 1983) (upholding dismissal as discovery sanction where magistrate judge had provided advance warning).

Because four of the five factors strongly favor dismissal,[2] the Court may order dismissal if Ms. Butt's conduct was willful, in bad faith, or due to her own fault. Under Rule 37, this requirement is met by a showing of "disobedient conduct not shown to be outside the litigant's control." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006); *Robinson v. Bailey*, No. 3:19-CV-05551-BAT, 2021 WL 3173148, at *2 (W.D. Wash. July 26, 2021). Because Ms. Butts is proceeding pro se, there can be no question that the decision whether or not to comply with this Court's orders was her own. Moreover, Ms. Butts has made no attempt to justify her failure to provide discovery or comply with the Court's orders.

## VI.    CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant their motion to dismiss.

---

[2] *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate where three of the five factors supported dismissal).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 37
(2:20-CV-00576-MAT) – Page 10

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200

DATED this 8th day of September, 2021.


PETER S. HOLMES
Seattle City Attorney

*s/ Kerala Cowart*
Kerala Cowart, WSBA# 53649
Assistant City Attorney
E-Mail:  Kerala.Cowart@seattle.gov

Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Phone: (206) 733-9001

*Attorneys for Defendants City of Seattle, Officers Elizabeth Kennedy, Hudson Kang Joshua Vaaga; and Chris Myers*

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37 (2:20-CV-00576-MAT) – Page 11

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
(206) 684-8200