# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STEPHANIE BUTTS, an Individual and Mother of Damarius Butts,<br><br>        Plaintiff,<br><br>  v.<br><br>ELIZABETH KENNEDY, et al.,<br><br>        Defendant. | Case No. 2:20-cv-00576-MAT<br><br>ORDER |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37 (the Motion). (Dkt. 25.) Plaintiff did not file a response to the Motion. Having reviewed and considered the pleadings, the Court finds that dismissal is warranted in this matter. Therefore, Defendants' Motion is GRANTED, and Plaintiff's case is hereby DISMISSED WITH PREJUDICE.

**DISCUSSION**

Defendants move the Court to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 37 for Plaintiff's failure to comply with the Court's discovery orders. In determining whether to dismiss a claim for failure to comply with a court order, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's

ORDER - 1

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal quotation marks and citation omitted).

The public's interest in the expeditious resolution of litigation and the Court's need to manage its docket clearly weigh in favor of dismissal. Plaintiff has failed to comply with the Court's discovery orders, including the Court's February 26, 2021 order (Dkt. 17) directing Plaintiff to provide Defendants a discovery plan and the Court's July 12, 2021 order (Dkt. 23) compelling Plaintiff to respond to Defendants' interrogatories, requests for admission, and requests for production. Plaintiff's failure to comply with the discovery orders is impeding the resolution of the case and preventing the Court from adhering to its trial schedule. *See Malone*, 833 F.2d at 131. Additionally, Plaintiff's noncompliance with the discovery orders diverted the Court's attention from time it could have devoted to other matters. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1236 (9th Cir. 2006).

Plaintiff's noncompliance with the Court's discovery orders has also prejudiced Defendants by "impair[ing] the defendant[s'] ability to go to trial" and by "threaten[ing] to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Trial is currently scheduled for February 2022; however, Defendants have been unable to obtain responses to its discovery requests, which it served on Plaintiff's former counsel in January 2021. (Dkt. 20 ¶ 4.) While Plaintiff has taken no action to fulfill her discovery responsibilities, Defendants have made a diligent effort to respond to Plaintiff's requests for production, interrogatories, and request for admission. (*Id.* at ¶¶ 2–3.) Plaintiff has offered the Court no explanation for her failure to respond to Defendants' discovery requests or her failure to comply with the discovery orders. By willfully

ORDER - 2

failing to comply with the Court's discovery orders, Plaintiff has compromised Defendants' ability to defend the claims against them. *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1234. Prejudice to Defendants from Plaintiff's unjustified failure to comply with the Court's discovery orders is sufficient to justify an order of dismissal. *Malone*, 833 F.2d at 131.

Public policy favoring disposition on the merits generally weighs against dismissal; however, in this case, this factor is not sufficient to outweigh the other factors. *See id.* at 133 n.2. Here, Plaintiff's failure to comply with the discovery orders has prevented the case from moving forward and made resolution on the merits impossible. *See In re PPA Prods. Liab. Litig.*, 460 F.2d at 1234. Additionally, "where the plaintiffs themselves prevent their cases from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor." *Id.*

Finally, the Court finds that there are no less drastic sanctions remaining. Plaintiff received numerous warnings from Defendants regarding Plaintiff's discovery obligations and the possibility of dismissal upon Plaintiff's continued noncompliance with the Court's discovery orders. (Dkt. 20 ¶¶ 7–14.) Additionally, the Court previously implemented alternatives to dismissal to no avail. On February 26, 2021, the Court granted Plaintiff relief from the discovery deadlines to accommodate her former counsel's withdrawal and ordered Plaintiff to provide Defendants a discovery plan. (Dkt. 17.) On July 12, 2021, the Court granted Defendants' Motion to Compel as a sanction, in which the Court warned Plaintiff that her failure to comply in good faith with the discovery orders may result in further sanctions, including dismissal of the case. (Dkt. 23 ¶ 6.) *See Malone*, 833 F.2d at 132 ("[T]he case law suggest that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement.") Accordingly, although dismissal is a harsh sanction, the Court concludes that no lesser sanction

ORDER - 3

would be effective or appropriate given Plaintiff's dilatory behavior and failure to respond or otherwise participate in this action.

For these reasons, the *Malone* factors weigh in favor of dismissal.

### CONCLUSION

Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37 (Dkt. 25) is GRANTED. Plaintiff's case is hereby DISMISSED WITH PREJUDICE.

DATED this 8th day October, 2021.

MARY ALICE THEILER
United States Magistrate Judge

ORDER - 4